UNITED STATES of America,
Plaintiff,

v.

Clifford George BAKER and Charles Montgomery Mitchell, Defendants.

UNITED STATES of America,
Plaintiff,

v.

Charles Montgomery MITCHELL and Clifford George Baker, Defendants.

UNITED STATES of America,
Plaintiff,

v.

Charles Montgomery MITCHELL,
Defendant (three cases.)

Nos. 55–CR–138, 56–CR–19, 56–CR–20, 56–CR–22, 56–CR–23.

United States District Court
E. D. Wisconsin.

Sept. 2, 1958.

Edward G. Minor, U. S. Atty., and Francis L. McElligott, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Charles Montgomery Mitchell, pro se.

GRUBB, District Judge.

Defendant, Charles Montgomery Mitchell, has filed a number of letters which this court interprets as motions to vacate the judgments and correct the sentences in the above-named cases.

Mr. Mitchell pleaded guilty to 12 counts contained within 3 informations charging violations of Title 18 U.S.C. § 1702 and § 1708, i. e. stealing letters from authorized mail depositories, and removing certain checks from letters stolen from mail receptacles.

Defendant Mitchell also pleaded guilty to 8 counts contained within 2 informations charging violations of Title 18 U.S.C. § 495, i. e. forging government checks for the purpose of obtaining a sum of money from the United States, and

uttering government checks with the intent to defraud the United States.

Upon defendant's pleas of guilty the court adjudged guilty and sentenced the defendant to a term of 7 years' imprisonment on each count charging violation of 18 U.S.C. § 495, and to 5 years on each count charging violation of 18 U.S.C. § 1702 or § 1708, said sentences on each and every count of the 20 counts to run concurrently with each other. Thus, defendant was sentenced to serve a term of 7 years out of a possible 140 year maximum sentence.

On January 9th and 10th, 1958 this court held a hearing on a previous motion of defendant to vacate the judgments and correct the sentences in the above-named cases. Mr. Mitchell was present and given full opportunity to testify at the January hearing, the court having granted Mr. Mitchell's motion for a writ of habeas corpus ad testificandum.

This court granted defendant's request for a hearing because defendant's motion, not answered by the government until three days before the hearing, raised material issues which could have been jurisdictional in nature.

Defendant's motion was grounded on the following allegations:

1. The defendant was forced to plead guilty by repeated intimidations by government agents.

2. The United States Attorney's Office was a party to the intimidations.

3. The defendant's counsel's incompetence resulted in a denial of defendant's rights.

4. The defendant was forced to plead generally to the informations.

5. The government duplicated charges without basis.

6. The defendant pleaded before the informations were filed.

7. The sentences were too long for the offenses.

Although some of the above allegations ran to each of the five cases involved, upon being brought back from Lewisburg, Pennsylvania to Milwaukee, Wisconsin, the defendant stated all of the charges and sentences were correct with the exception of case number 56–CR–20 and count 2 of 56–CR–23. (Tr. pp. 29, 30; Jan. 9 & 10, 1958)

The court found defendant's allegations were groundless and unsubstantiated; the defendant was not forced to plead guilty by intimidations or threats by government agents; the United States Attorney's Office was not a party to any intimidations; that defendant's counsel performed his duties conscientiously and defendant was not deprived of any rights because of any omissions or acts of his counsel; the defendant was not forced to plead generally to the informations; the court had jurisdiction to render judgment in all the above-entitled criminal cases; the sentence imposed was authorized by law; and there was no denial or infringement of the constitutional rights of the defendant.

On April 24, 1958 the court denied another motion of defendant under 28 U.S.C. section 2255 in which the defendant for the second time raised the issue that he pleaded before the information was filed, which the court found he did not.

Defendant's most recent nine letters allege the following errors:

1. "Moreover the Court erred in adjudging the Petitioner guilty of anything. This function, as any astute observer knows is for a jury to decide."

Suffice it is to say the court adjudged defendant guilty upon defendant's plea of guilty.

2. The court erred in considering defendant's past record in imposing sentence, a record which defendant thinks isn't too bad.

■ The court passed on this ground for relief in the court's conclusions of law entered April 1, 1958. The defendant appears unaware of Rule 32(c) Federal Rules of Criminal Procedure, 18 U.S.C. This rule provides the probation service shall make a pre-sentence investi-

gation and report to the court before the imposition of sentence.

"(2) Report. The report of the presentence investigation shall contain any prior criminal record of the defendant * * *"

Defendant's record, considered in the light of the offenses involved, warranted the sentence imposed.

3. The court erred in not knowing detainers were filed against the defendant for the same acts by the State of Pennsylvania.

■ The Federal Government and the State of Pennsylvania could each prosecute and punish the defendant for offenses against each though based upon the same acts. United States v. Lanza, 1922, 260 U.S. 377, 43 S.Ct. 141, 67 L.Ed. 314. Nor would knowledge of this alleged fact have changed the sentence imposed in the instant case.

4. The court erred in permitting duplication of charges.

■ Defendant was given full opportunity to present any testimony or argument he had on this issue in the January hearing. (Tr. pp. 9, 11 and 15) This court now finds there was no duplication. Moreover, the sentences imposed on each of the 20 counts were concurrent with each other.

5. The defendant was not explained his right to counsel, that he did not have to make a statement, and to a preliminary examination, until the time of arraignment.

The testimony at the January hearing (Tr. p. 51) and the records in this case conclusively show that defendant's rights were explained to him before and at the commissioner's hearing. (Commissioner's Docket, Oct. 13, 1955)

6. There was a 23½ hour delay between the time defendant was turned over to federal agents and the time of arraignment, during which time defendant confessed, some of which statements were testified to by Agent Sokol in defendant's 2255 hearing. Further, that defendant would not have pleaded guilty but for the fact that by intimidation the government had obtained his confession.

The court has already found there was no intimidation. The case of Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479, relied on by defendant is inapplicable to this case for no confession was introduced into evidence. Defendant's conviction was based upon his own pleas of guilty.

If there were any question of the voluntary nature of defendant's pleas of guilty, it was eliminated at the January hearing on defendant's motion under section 2255. At that time, after having claimed serious and scandalous wrongs were done him by federal agents, the United States Attorney's Office, and defendant's own counsel, upon defendant's arrival in court, having been brought back from Lewisburg, Pennsylvania, the defendant withdrew any attack on three of these five cases, stating the charges and sentences were correct, and complained of only case number 56–CR–20 and count 2 in 56–CR–23: "In the petition I said some things which probably were in error." (Tr. p. 8)

The motions, files, and records in these cases conclusively show that defendant's claims are without merit, are not made in good faith, and that defendant is entitled to no relief.

Defendant's motions to vacate the judgments and correct the sentences in these cases are denied.